**IT IS SO ORDERED.**

**SIGNED THIS: September 20, 2023**

_____
**Mary P. Gorman
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **In re:** | ) | **Case No.: 22-70777** |
| | ) | |
| **STAUNTON AREA AMBULANCE SERVICE,** | ) ) | **Honorable Mary P. Gorman** **Chapter 11 Proceeding** |
| | ) | |
| **Debtor.** | ) | |

**ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION FOR
STAUNTON AREA AMBUANCE SERVICE DATED JULY 19, 2023**

This matter coming to be heard on the Second Amended Chapter 11 Plan of Reorganization for Staunton Area Ambulance Service Dated July 19, 2023 [Docket No. 91] (the "**Plan**") filed by Staunton Area Ambulance Service ( "**Debtor**"). Capitalized terms used herein shall have the same meaning ascribed to them as in the Plan unless otherwise defined herein.

A hearing on confirmation of the Plan was held by the Court on September 5, 2023 (the "**Confirmation Hearing**"). No objections to confirmation of the Plan were filed prior to the Confirmation Hearing, and no objections were raised at the Confirmation Hearing.

{23343/00000/3851030.DOCX.}   1

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED AS FOLLOWS:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. <u>Jurisdiction; Venue; Core Proceeding</u>.  The Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

B. <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of this Case maintained by the Bankruptcy Court, including all pleadings, papers, and other documents filed, all orders entered, and all minute entries regarding the hearings held before the Court during the pendency of the Case.

C. <u>Bar Dates</u>.  The Bar Dates in this Case were established by the Court as February 19, 2023 for general Claims and May 20, 2023 for Claims by Governmental Units.

D. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan were given to all known holders of Claims and interests in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the orders of the Court.  The Plan, notice of the Plan and applicable deadlines, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and the orders of the Court upon Creditors and holders of interests entitled to vote on the Plan and such transmittals and service were and are adequate and sufficient.  No other or further notice of the Plan or the Confirmation Hearing is or will be required.

E. <u>Solicitation</u>.  As evidenced by the docket in this Case, including the Plan, the notice(s), and the certificate(s) of service, the Plan was disseminated to all Creditors and interest

holders entitled to vote together with appropriate ballots. Further, the Plan and notice(s) were transmitted and served on all parties entitled to copies in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and relevant orders of the Court. All procedures used to distribute the Plan were fair and conducted in accordance with the Bankruptcy Code and the Bankruptcy Rules. Accordingly, Debtor's solicitation of acceptance of the Plan complied with the applicable provisions of the Bankruptcy Code and the orders of the Court, including §§ 1125 and 1126, Bankruptcy Rules 3016 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court, Debtor has acted in good faith in connection with the solicitation of the Plan.

    F.    <u>Distribution</u>. All procedures used to distribute the Plan to the applicable holders of Claims and interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders of the Court, and all other rules, laws, and regulations.

    G.    <u>Balloting on Plan</u>. The requirements of § 1129(a)(8) requiring the acceptance by each Class of Creditors and interest holders entitled to vote under the Plan were met based upon the balloting reported by the Debtor.

    H.    <u>Plan Complies with § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Without limitation:

        i.    <u>Proper Classification</u>. As required by § 1123(a)(1), Article IV of the plan properly designates Classes of Claims and classifies only substantially similar Claims in the same Classes under § 1122.

        ii.    <u>Specify Unimpaired Classes</u>. Class 1 includes priority Claims and Class 4 includes allowed interests and both are designated unimpaired Classes of Claims under the Plan, thereby satisfying § 1123(a)(2).

    iii. <u>Specify Treatment of Impaired Classes</u>.  Classes 2 and 3 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

    iv. <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim in each respective Class, unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

    v. <u>Implementation of the Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Article VII of the Plan provides (a) that all of Debtor's Excess Monthly Income will be used to fund the Plan, and (b) for distributions to Creditors.  Further, Article IX of the Plan provides for the vesting of Estate Property in Reorganized Debtor on the Effective Date free and clear of all Claims and interests except as otherwise provided in the Plan.

    vi. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies Debtor as its proponents, thereby satisfying Bankruptcy Rule 3016(a).

  I. <u>Good Faith</u>.  The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3).

  J. <u>Payments for Services or Costs and Expenses</u>.  Any payments made or to be made under the Plan for services or for costs and expenses in or in connection with the Case prior to the Effective Date, including all fees and expenses incurred by professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

  K. <u>Best Interests of Creditors Test</u>.  The Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective

Date, that is not less than the amount such holder would receive or retain if the Case were converted to Chapter 7 and the Estate were liquidated by a Chapter 7 trustee.

   L. <u>Acceptance of the Plan</u>.  Each impaired Class has accepted the Plan determined without including any acceptance of the Plan by any insider, thereby satisfying §§ 1129(a)(8) and (a)(10).

   M. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Claims will be paid as mandated by §§ 1129(a)(9).

   N. <u>Feasibility</u>.  The Plan is feasible as there is a reasonable likelihood that Debtor will make all payments under the Plan.  Confirmation of the Plan is not likely to be followed by the liquidation except as contemplated by the Plan, or the need for further financial reorganization, of Debtor.  Thus, § 1129(a)(11) is satisfied.

   O. <u>Payment of Fees</u>.  The Plan provides for the payment of all fees payable under 28 U.S.C. § 1930.  Thus, § 1129(a)(12) is satisfied.

   P. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with §1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankrutpcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

   Q. <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.  Therefore, the Plan satisfies the requirements of § 1129(d).

R.    Disclosure Statement Due to the unique circumstances of this case, the Court finds that the disclosure statement requirement of §§ 1121 and 1125 are satisfied by the Plan.

S.    Except as otherwise provided in the Plan, the Court will retain jurisdiction over this Case and all matters arising out of or related to the Case and the Plan, including the matters set forth in Article IX of the Plan.

T.    Any other findings of fact and conclusions of law that the Court announced on the record at the Confirmation Hearing are incorporated herein by reference.

U.    In summary, the Plan complies with the provisions of the Bankruptcy Code and Debtor has satisfied all applicable confirmation requirements.

**IT IS HEREBY ORDERED THAT:**

1.    Plan Confirmed.    The Plan is CONFIRMED under § 1129(a) as expressly supplemented and modified by this Confirmation Order.

2.    Resolving Inconsistency; Incorporation by Reference.  If the terms of the Plan and the terms of this Confirmation Order conflict or are inconsistent, the terms of this Confirmation Order will control Except as otherwise provided in this Confirmation Order, the Plan and its terms are incorporated by reference into this Confirmation Order as if restated in this Confirmation Order in its entirety and such terms are an integral part of this Confirmation Order. The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in this Confirmation Order will not diminish or impair the effectiveness of such article. The Court is confirming the Plan in its entirety.

3.    Discharge.    Pursuant to § 1141(d), the entry of this Confirmation Order immediately discharges Debtor from all debts described in §§ 1141(d)(1) and (d)(2), subject to the exceptions contained therein and in the Plan.

4. <u>Immediate Binding Effect</u>. Notwithstanding Bankruptcy Rules 3020(e) and 6004(h), upon the occurrence of the Effective Date, the terms of the Plan will be immediately effective and binding upon Debtor, Reorganized Debtor, and any and all holders of Claims or interests (irrespective of whether holders of such Claims or interests are deemed to have accepted the Plan), all entities that are parties to the settlements, compromises, releases, discharges, and injunctions described in the Plan or in this Confirmation Order, each entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with Debtor.

5. <u>Satisfaction of Claims and Release; No Assumed Liability</u>. As of the Effective Date, all Claims against Reorganized Debtor will be released as provided in § 1141, except only as expressly provided in the Plan and in this Confirmation Order. Except only as otherwise expressly set forth in the Plan and in this Confirmation Order, Reorganized Debtor will not assume or be liable for any Claims, debts, or liabilities.

6. <u>Provisions Governing Distributions</u>. The distribution provisions in the Plan will be and are hereby approved in their entirety. Except as otherwise set forth in the Plan, Reorganized Debtor and its accountant will make all distributions required under the Plan.

7. <u>Procedures for Resolving Disputed Claims</u>. The claims resolution procedures contained in the Plan are approved in their entirety.

8. <u>Assumption of Executory Contracts and Unexpired Leases Approved</u>. All executory contracts and unexpired leases that have not been either assumed and assigned or rejected prior to the Effective Date will be, and hereby are, assumed by Debtor as of the Effective Date. Article VII.H is incorporated in this Confirmation Order by reference.

9. <u>Revesting of Debtor's Property</u>.  Except as otherwise provided in the Plan or in this Confirmation Order, on the Effective Date, in accordance with §§ 1141(b) and (c), all property of the Debtor, Estate Property, and all other property dealt with by the Plan will be vested in Reorganized Debtor free and clear of all liens, Claims, and interests.

10. <u>Implementation and Consummation of Plan</u>.  In accordance with § 1142, the implementation and consummation of the Plan in accordance with its terms will be, and hereby is, authorized and approved, and the Debtor, Reorganized Debtor, and any other person referenced in the Plan will be, and they thereby are, authorized, empowered, and directed to issue, execute, deliver, file, and record any documents, and to take any action necessary to consummate the Plan in accordance with its terms.

11. <u>Professional Compensation</u>.  All final requests for fees incurred by professionals under § 330 will be filed no later than thirty (30) days within the entry of this Confirmation Order.

12. <u>Post Confirmation Date Fees and Expenses</u>.  Except as otherwise specifically provided in the Plan, Debtor or Reorganized Debtor (as applicable) will pay in cash the reasonable legal fees and expenses incurred by Debtor or Reorganized Debtor (as applicable) from and after the Confirmation Date in the ordinary course of business and without further notice to or action, order, or approval of the Court.  Upon the Confirmation Date, any requirement that professionals comply with §§ 327 through 331 and 1103 in seeking retention or compensation for services rendered after such date will terminate, and Debtor and Reorganized Debtor (as applicable) may employ and pay any professional in the ordinary course of business without any further notice to or action, order, or approval of the Court.

13.  Monthly Operating Reports.  Pursuant to Bankruptcy Rule 2015(a)(6), Debtor will no longer be required to file monthly operating and controlled entity reports starting with the period immediately following the Effective Date.

14.  Headings.  Headings utilized in this Confirmation Order are for convenience and reference only and do not constitute a part of the Plan or Confirmation Order for any purpose.

15.  Final Order.  This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon the entry of this Confirmation Order.

16.  Retention of Jurisdiction. The Court shall retain jurisdiction for purposes of enforcing the Confirmation Order, whether such enforcement is required before or after the entry of a final decree closing the Estate.

17.  Debtor shall serve a copy of this Confirmation Order no later than two (2) business days after the date of its entry.  Debtor shall also file a certificate of service within twenty-four (24) hours of making service of this Confirmation Order.

**SO ORDERED.**

###